# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

PHILIP HARRY CRAWFORD,

Defendant-Appellant.

UNPUBLISHED
November 30, 2017

No. 334611
Kent Circuit Court
LC No. 16-002238-FH

Before: SWARTZLE, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

In this case, a jury convicted defendant of accosting a child for immoral purposes, MCL 750.145a. The trial court sentenced defendant to 35 days' incarceration, with credit for 35 days served, as well as a three-year term of probationary supervision. Defendant now appeals. We affirm.

This case involves an adult male private citizen posing as an underage female and communicating with defendant over the Internet, which eventually led to the charges against defendant. In November 2015, defendant posted an advertisement on Craigslist seeking to "sleep with a virgin woman." Zachary Sweers, a 23-year-old male, responded to defendant's advertisement claiming to be a virgin female named Lisa Spencer. Sweers testified that the television show "To Catch a Predator" inspired him to pose as underage children online in order to gather evidence against adults seeking sexual relationships with children and turn the evidence over to police for potential prosecution.

Defendant and Sweers, posing as Lisa, exchanged at least 30 e-mails. In one e-mail, "Lisa" stated that she was only looking for "a quick fling." "She" also asked if defendant had "protection." Defendant responded that he was also only looking for a "fling" and that he did have protection. Sweers also sent defendant a picture of a young female that he got off of the Internet claiming that it was the person defendant was e-mailing with. Defendant said in an e-mail, "We could go see a movie, or go out to eat [sic] And then spend some good alone time somewhere hint hint." "Lisa" then told defendant, for the first time, that "she" was only 15 years old. "Lisa" also sent an e-mail to defendant that said in relevant part, "[I]'m confident nothing will happen (other than sex lol)." "Lisa" said that they had to think about not getting caught. Defendant responded that he agreed about not getting caught.

-1-

In early December 2015, defendant contacted "Lisa" and the two made plans to meet in a parking lot. Defendant was to pick up "Lisa" in his car. Defendant arrived first, and Sweers arrived shortly thereafter. Sweers then confronted defendant and surreptitiously videotaped the confrontation. During the confrontation, defendant stated, "I didn't even know if I really was gonna [sic] go through with it." Defendant also admitted that he "stopped thinking about the consequences." Sweers then turned the e-mail and video evidence over to police for prosecution. Sweers admitted that he was not a member of law enforcement.

Defendant first argues that there was insufficient evidence to convict him of the crime. We disagree. A challenge to the sufficiency of the evidence is reviewed de novo. *People v Lueth*, 253 Mich App 670, 680; 660 NW2d 322 (2002).

To sustain a conviction, due process requires that there be sufficient evidence to justify a rational trier of fact in finding guilt beyond a reasonable doubt. *People v Wolfe*, 440 Mich 508, 513-514; 489 NW2d 748 (1992). We review challenges to the sufficiency of the evidence by viewing the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Bennett*, 290 Mich App 465, 471-472; 802 NW2d 627 (2010). In applying this standard, we "must draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Cameron*, 291 Mich App 599, 613; 806 NW2d 371 (2011) (quotation marks and citation omitted).

MCL 750.145a describes the crime of accosting a child for immoral purposes. That statute states,

> A person who accosts, entices, or solicits a child less than 16 years of age, regardless of whether the person knows the individual is a child or knows the actual age of the child, or an individual whom he or she believes is a child less than 16 years of age with the intent to induce or force that child or individual to commit an immoral act, to submit to an act of sexual intercourse or an act of gross indecency, or to any other act of depravity or delinquency, or who encourages a child less than 16 years of age, regardless of whether the person knows the individual is a child or knows the actual age of the child, or an individual whom he or she believes is a child less than 16 years of age to engage in any of those acts is guilty of a felony punishable by imprisonment for not more than 4 years or a fine of not more than $4,000.00, or both.

The statute provides two alternative theories by which defendant could be convicted of the crime. *People v Gaines*, 306 Mich App 289, 311; 856 NW2d 222 (2014). First, defendant is guilty of accosting a child for immoral purposes if he (1) accosted, enticed, or solicited (2) a child or an individual whom he believed was a child (3) with the intent to induce or force that child to commit (4) a proscribed act. *Id*. Alternatively, defendant is guilty of accosting a child for immoral purposes if he (1) encouraged (2) a child or an individual whom he believed was a child (3) to commit (4) a proscribed act. *Id*. A proscribed act includes an act of sexual intercourse, an act of gross indecency, or any other act of depravity or delinquency. MCL 750.145a. The first theory requires specific intent. *Gaines*, 306 Mich App at 311-312.

"[B]ecause it can be difficult to prove a defendant's state of mind on issues such as knowledge and intent, minimal circumstantial evidence will suffice to establish the defendant's state of mind, which can be inferred from all the evidence presented." *People v Kanaan*, 278 Mich App 594, 622; 751 NW2d 57 (2008). The second theory requires general intent. *People v Kowalski*, 489 Mich 488, 500; 803 NW2d 200 (2011). The *Kowalski* Court clarified that the general intent prong of the "encouraged" theory means that, by completing the act, defendant "presumed to intend the natural consequences of his actions." *Id*. (brackets and ellipses omitted).

The prosecution proceeded under both the specific intent and general intent theories of the crime. Based upon the evidence presented, and when drawing all reasonable inferences and making credibility choices in support of the jury verdict, *Cameron*, 291 Mich App at 613, we hold that there was sufficient evidence to convict defendant of accosting a child for immoral purposes. Defendant clearly solicited or encouraged an individual whom he believed to be a 15-year-old girl to engage in sexual activity.

Defendant next argues that his counsel was ineffective for not presenting an entrapment defense. We disagree.

In order to find merit in defendant's claim of ineffective assistance of counsel, defendant must prove: (1) that the attorney made an error, and (2) that the error was prejudicial to defendant. *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Pickens*, 446 Mich 298, 311, 314; 521 NW2d 797 (1994). That is, first, defendant must show that trial counsel's performance fell below an objective standard of reasonableness. *People v Russell*, 297 Mich App 707, 715-716; 825 NW2d 623 (2012). The Court must analyze the issue with a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance, and requires that the defendant overcome the presumption that the challenged action or inaction might be considered sound trial strategy. *People v Leblanc*, 465 Mich 575, 578; 640 NW2d 246 (2002). Second, defendant must show that, but for trial counsel's deficient performance, a different result would have been reasonably probable. *Russell*, 297 Mich App at 715-716. "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010) (citation omitted).

"Entrapment occurs if (1) the police engage in impermissible conduct that would induce an otherwise law-abiding person to commit a crime in similar circumstances or (2) the police engage in conduct so reprehensible that the court cannot tolerate it. *People v Fyda*, 288 Mich App 446, 456; 793 NW2d 712 (2010). Entrapment requires law enforcement involvement, authorization, or conduct. See *People v Fabiano*, 192 Mich App 523, 529-533; 482 NW2d 467 (1992); see also *People v Juillet*, 439 Mich 34, 61; 475 NW2d 786 (1991).

In this case, there was no police involvement in defendant's commission of the crime. Sweers was a private citizen acting independently and without the blessing, authorization, or encouragement of law enforcement. In fact, when law enforcement and the prosecutor became aware of what Sweers was doing, they instructed him to stop. Because there was no police involvement, and because Sweers was not acting as an agent of the police, there necessarily was no entrapment. It would have been a meritless and futile argument for defense counsel to raise. And since "[f]ailing to advance a meritless argument or raise a futile objection does not

constitute ineffective assistance of counsel," *Ericksen*, 288 Mich App at 201, defense counsel in this case was not ineffective for failing to do so.

Additionally, defendant's argues that counsel was ineffective for generally failing to present evidence or call witnesses. Defendant has not stated what evidence counsel should have presented, what witnesses counsel should have called, or what those witnesses would have said. Accordingly, we hold that defendant failed to establish the factual predicate of his claim in this regard. See *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001). Moreover, decisions about whether to call or question witnesses are presumed to be matters of trial strategy, and failing to call a witness only rises to the level of ineffective assistance of counsel if it deprived defendant of a substantial defense. *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012). Because the defense of entrapment was meritless, we conclude that it did not deprive defendant of a substantial defense.

Affirmed.

/s/ Brock A. Swartzle
/s/ David H. Sawyer
/s/ Jane E. Markey

-4-