*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

LEANDER KRIEGG FOSTER,

        Defendant-Appellant.

UNPUBLISHED
February 19, 2019

No. 341060
Wayne Circuit Court
LC No. 94-006481-02-FC

Before: CAVANAGH, P.J., and BORRELLO and REDFORD, JJ.

PER CURIAM.

In 1994, when defendant was 16 years old, he was convicted by a jury of first-degree premeditated murder, MCL 750.316(1)(a), felony murder, MCL 750.316(1)(b), armed robbery, MCL 750.529, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced to life imprisonment without parole for both his first-degree murder and felony murder convictions, life imprisonment for the armed robbery conviction, and two years for the felony-firearm conviction. Defendant appealed as of right to this Court, and this Court vacated the felony-murder conviction and sentence, but affirmed his other convictions and sentences. *People v Foster*, unpublished per curiam opinion of the Court of Appeals, issued July 22, 1997 (Docket No. 184162).

After the United States Supreme Court's decision in *Miller v Alabama*, 567 US 460; 132 S Ct 2455; 183 L Ed 2d 407 (2012), defendant filed a motion for relief from judgment in the trial court contending that his mandatory life sentence was unconstitutional under *Miller* and that he was entitled to resentencing. The trial court denied defendant's motion and this Court denied defendant's application for leave to appeal. *People v Foster*, unpublished order of the Court of Appeals, issued March 4, 2015 (Docket No. 324440). Following the United States Supreme Court's decision in *Montgomery v Louisiana*, 577 US ___; 136 S Ct 718; 193 L Ed 2d 599 (2016), the Michigan Supreme Court, in lieu of granting leave to appeal, vacated defendant's sentence for his first-degree murder conviction and remanded the case to the trial court for resentencing. *People v Foster*, 499 Mich 877 (2016). After the prosecution filed a memorandum with the trial court seeking a term of years rather than life without parole, defendant was

resentenced to 33 years to 60 years for his first-degree murder conviction. Defendant now appeals as of right. We affirm.

## I. RESENTENCING

Defendant first argues that the trial court failed to adequately consider the mitigating effect of the factors outlined in *Miller* and *People v Wines*, 323 Mich App 343; 916 NW2d 855 (2018), when it resentenced defendant for his first-degree murder conviction; thus, a constitutionally disproportionate sentence was imposed. We disagree.

"This Court reviews sentencing decisions for an abuse of discretion." *People v Skinner*, 502 Mich 89, 131; 917 NW2d 292 (2018). "[A] given sentence can be said to constitute an abuse of discretion if that sentence violates the principle of proportionality, which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id*. at 131-132, quoting *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). The trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *People v Dixon-Bey*, 321 Mich App 490, 533; 909 NW2d 458 (2017). "A trial court necessarily abuses its discretion when it makes an error of law." *People v Duncan*, 494 Mich 713, 722-723; 835 NW2d 399 (2013). Constitutional issues and matters of statutory interpretation are reviewed de novo. *People v Harris*, 499 Mich 332, 342; 885 NW2d 832 (2016).

In *Miller*, the United States Supreme Court held that a mandatory life sentence without the possibility of parole for a juvenile offender was unconstitutional. *Miller*, 567 US at 465. In response to *Miller*, the Michigan Legislature enacted MCL 769.25a, which came into effect when the Supreme Court, in *Montgomery*, held that *Miller* applied retroactively. *Wines*, 323 Mich App at 347. MCL 769.25a provides that "prosecutors may seek a reimposition of life-without-parole imprisonment if they file a motion within a defined period of time." *Id*. If the prosecution does not file such a motion, then the "court shall sentence the individual to a term of imprisonment for which the maximum term shall be 60 years and the minimum term shall be not less than 25 years or more than 40 years." MCL 769.25a(4)(c).

MCL 769.25a does not specify any factors or special considerations that the court must consider during resentencing. *Wines*, 323 Mich App at 348. *Miller*, however, outlined several factors that the court must consider when sentencing a juvenile offender to life imprisonment without the possibility of parole. *People v Garay*, 320 Mich App 29, 50; 903 NW2d 883 (2017), overruled on other grounds by *Skinner*, 502 Mich 89 (2018). Those factors are:

(1) The defendant's "chronological age and its hallmark features," including any "immaturity, impetuosity, and failure to appreciate risks and consequences."

(2) The defendant's "family and home environment," including any brutality or dysfunctionality in that environment and the possibility that the defendant cannot extricate himself or herself from that situation.

(3) The circumstances of the crime, including the extent of the defendant's participation in the crime, the way that "familial and peer pressures" may have affected the defendant, and the possibility that the defendant may have been convicted of a lesser offense "if not for the incompetencies associated with youth," such as the defendant's inability to deal with police officers, the prosecution, or attorneys.

(4) The possibility of rehabilitation. *Miller*, 567 US at 477-478.

Those factors are applicable when the prosecution seeks to resentence a defendant to life imprisonment without the possibility of parole. *Garay*, 320 Mich App at 50. However, when the prosecution requests that a court resentence a defendant to a term of years, the trial court has different fact-finding responsibilities. *Wines*, 323 Mich App at 347-352. The *Wines* Court held that "there is no *constitutional* mandate requiring the trial court to specifically make findings as to the *Miller* factors except in the context of a decision whether to impose a sentence of life without parole." *Id*. at 352 (emphasis in original). However, the Court also concluded that "when sentencing a minor convicted of first-degree murder, when the sentence of life imprisonment without parole is not at issue, the court should be guided by a balancing of the *Snow*[1] objectives[,]" which includes a consideration of the "attributes of youth, such as those described in *Miller*." *Id*. The *Snow* objectives are the "(1) reformation of the offender, (2) protection of society, (3) punishment of the offender, and (4) deterrence of others from committing like offenses." *Id*. at 351, citing *Snow*, 386 Mich at 592.

In this case, the prosecution notified the trial court that it was seeking a sentence for a term of years rather than a reimposition of defendant's life sentence without the possibility of parole. Thus, the trial court was not constitutionally compelled to make specific factual findings regarding the *Miller* factors during defendant's resentencing. *Wines*, 323 Mich App at 352. Instead, the court must have considered the *Snow* objectives and the attributes of youth. *Id*.

In addressing defendant's attributes of youth at the time of the crime, the court noted that defendant was a 16-year-old minor at the time of the crime who had been influenced by a "greedy and . . . evil" relative. The court also considered that defendant had shown a capacity to grow and mature, as evidenced by the fact that prison counselors recognized that "he has been a help to other inmates" and that "he has been a good worker . . . ." The court also addressed the presentence investigation report with the parties, and it had detailed defendant's "considerable growth, maturity, and wisdom[]" and the practical steps that defendant has taken to improve himself, such as receiving his GED. Thus, the court properly considered any mitigating "attributes of youth" such as those described in *Miller*. See *Wines*, 323 Mich App at 352.

In addressing whether the court properly addressed the *Snow* objectives, we first note that the *Wines* decision was issued after the trial court resentenced defendant in this case, thus, the trial court never explicitly mentioned the *Snow* objectives. However, notwithstanding that fact, the trial court still found facts that are applicable to the factors outlined in *Wines* and *Snow*, demonstrating that the court was still guided by the objectives referenced in *Snow*. Regarding

---

[1] *People v Snow*, 386 Mich 586; 194 NW2d 314 (1972).

the possibility of defendant's reformation, the court found that defendant had an ability to grow and mature, evidenced by recognition from institutional counselors that defendant had helped younger inmates and had been a good worker while in prison. That finding demonstrates that the court believed that it was possible for defendant to be rehabilitated. Regarding the protection of society, the punishment for the crime, and deterrence for committing a similar offense, the court found that defendant knew that his actions were wrong and that "the law and the community cannot accept [defendant's] behavior" in committing the crime. It also noted that "the facts of this case . . . are in fact heinous and have brought heartache not only for the family but also throughout the community." Those findings indicate that the trial court wanted to appropriately punish defendant's actions and protect the community from similar offenses. Thus, the trial court balanced the need to punish defendant and protect the community with the mitigating attributes of defendant's youth and the real possibility that defendant could be rehabilitated. The court resentenced defendant to a minimum of 33 years. That sentence is in the middle of the statutory range, indicating again that the trial court balanced the factors described in *Miller* and *Snow*. See MCL 769.25a(4)(c). Defendant's first-degree murder sentence is proportionate to the seriousness of the circumstances surrounding the offense and the offender, and the trial court considered those circumstances on the record. Therefore, because that sentence does not fall outside the range of reasonable and principled outcomes, the trial court did not abuse its discretion in resentencing defendant.

## II. DEFENDANT'S ARMED ROBBERY SENTENCE

Defendant also contends that he is entitled to resentencing on his armed robbery conviction because a court is required to resentence a defendant on all sentences when a sentencing error affects multiple sentences, the sentence is based on the same mistake or misconception of law as his first-degree murder sentence, and the sentence interferes with defendant's opportunity for a meaningful opportunity to obtain release. We disagree.

In general, "[q]uestions of law are reviewed de novo." *People v Smith*, 502 Mich 624, 631; 918 NW2d 718 (2018). Likewise, "[t]he proper interpretation and application of statutes and court rules is a question of law, which this Court reviews de novo." *People v Comer*, 500 Mich 278, 287; 901 NW2d 553 (2017). The plain language of any statute or court rule controls, and, if the language is unambiguous, the statute or court rule must be enforced as written. *Id*.

"When an appellate court remands a case with specific instructions, it is improper for a lower court to exceed the scope of the order." *People v Russell*, 297 Mich App 707, 714; 825 NW2d 623 (2012). Additionally, when an order from the Michigan Supreme Court controls the scope of the trial court's actions, that order also controls the scope of this Court's review. *Wines* 323 Mich App at 358-359. If "[n]either the remand order nor the referenced statutes provide for resentencing on [a defendant's] other convictions," the trial court must conclude that it has no authority to resentence a defendant for his or her other convictions. *Id*. at 359. See also *People v Holder*, 483 Mich 168; 767 NW2d 423 (2009); *Russell*, 297 Mich App at 715.

MCR 6.429 provides the trial court with the ability to correct an invalid sentence. MCR 6.429(A). If a defendant has filed a claim of appeal, defendant may move to correct an invalid sentence through a motion to correct an invalid sentence under MCR 7.208(B) or a timely motion for remand under MCR 7.211(C)(1). MCR 6.429(B)(2). Otherwise, the defendant may

seek relief pursuant only to a motion for relief from judgment filed in compliance with MCR Subchapter 6.500. MCR 6.429(B)(4); *Comer*, 500 Mich at 296. Furthermore, MCL 769.25a only allows a trial court to resentence a defendant for a mandatory life without parole sentence previously vacated by *Miller* and *Montgomery*.

Under *Miller* and *Montgomery*, a defendant convicted as a juvenile must be afforded "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." *People v Williams*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket No. 339701); slip op at 4, quoting *Miller*, 567 US at 479. A life sentence with the possibility of parole satisfies that mandate from *Miller*, meaning that a sentence that has the possibility of parole affords a defendant a "meaningful opportunity to obtain release." *Williams*, ___ Mich App at ___; slip op at 4. Furthermore, speculation that the original trial court sentenced a defendant to a life sentence with parole because it believed that the defendant would already spend his life in prison is insufficient to establish "inaccurate information" or a "misconception of law" that requires resentencing. *Id*. at ___; slip op at 5. If one of a defendant's sentences is found to be invalid, that does not necessarily mandate that the defendant's other sentences are invalid. *Id*. at ___; slip op at 6.

Defendant is not entitled to resentencing on his armed robbery conviction because neither the Michigan Supreme Court's remand order nor the applicable statute or court rule provide for resentencing on defendant's other convictions. On March 29, 2016, the Michigan Supreme Court issued an order stating: "we VACATE the sentence of the Wayne Circuit Court for the defendant's first-degree murder conviction, and we REMAND this case to the trial court for resentencing on that conviction pursuant to MCL 769.25 and MCL 769.25a." *Foster*, 499 Mich 877 (emphasis in original). That order vacated only defendant's first-degree murder sentence. Absent an applicable provision in a statute or court rule, the trial court may not exceed the scope of that order. *Wines*, 323 Mich App at 359; *Russell*, 297 Mich App at 714. Defendant was sentenced to life with the possibility of parole for his armed robbery conviction, thus, that sentence was not affected by *Miller* or *Montgomery*, and it does not fall within the scope of MCL 769.25a. MCL 769.25a(2); *Miller*, 567 US at 465; *Montgomery*, 136 S Ct at 723-724. Therefore, the applicable statute in this case, MCL 769.25a, does not provide the trial court with the ability to resentence defendant for any conviction other than his first-degree murder conviction. Finally, defendant cannot satisfy either court rule outlined in MCR 6.429(B)(2) because defendant has not timely filed a motion to correct an invalid sentence under MCR 7.208(B) or a motion for remand under MCR 7.211(C)(1). See MCR 6.429(B)(2). Thus, defendant may only seek relief under a motion for relief from judgment under MCR Subchapter 6.500. See MCR 6.429(B)(4). The trial court correctly denied defendant's motion to resentence him for his armed robbery conviction because defendant has not followed the correct procedure to obtain relief from judgment.

Defendant's contention that he is entitled to resentencing on his armed robbery conviction due to a misconception of law or that he does not have a meaningful opportunity to

obtain release is without merit. As this Court held in *Williams*,[2] defendant has a "meaningful opportunity to obtain release" because defendant may obtain parole for his armed robbery conviction. *Williams*, ___ Mich App at ___; slip op at 4. Additionally, defendant merely speculates that the trial court may have sentenced defendant to a shorter sentence if not for his now-invalid sentence of life without the possibility of parole. That speculation is insufficient to establish "inaccurate information" or a "misconception of law." *Id*. at ___; slip op at 5. The fact that defendant's first-degree murder conviction was later held to be invalid does not automatically invalidate defendant's sentence for armed robbery. *Id*. at ___; slip op at 6.

Defendant cites an order of the Michigan Supreme Court, *People v Gunn*, ___ Mich ___; 919 NW2d 402 (2018), as rationale for why he should be resentenced for his armed robbery conviction, but that order is distinguishable from this case. In *Gunn*, the defendant received an upward departure sentence for his second-degree arson conviction, but the Supreme Court vacated that sentence because the trial court relied on "inaccurate information" in sentencing the defendant. *Id*. The trial court explicitly stated that it imposed that upward departure sentence because the defendant's other sentences were already that high. *Id.* Once the defendant was resentenced for his other convictions, the Supreme Court held that the trial court relied on "inaccurate information" in explicitly making that connection, thus, requiring the defendant to be resentenced for his arson conviction. *Id*. That is distinguishable from this case where defendant merely speculates that the trial court linked the two sentences. Speculation is insufficient to establish the existence of "inaccurate information." *Williams*, ___ Mich App at ___; slip op at 5. For those reasons, in addition to the fact that defendant has not followed the proper procedure, defendant is not entitled to resentencing on his armed robbery conviction.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Stephen L. Borrello
/s/ James Robert Redford

---

[2] We also note that, in *Williams*, the defendant filed a motion for relief from judgment pursuant to MCR Subchapter 6.500, which, procedurally, is what defendant should have done in this case to properly challenge his armed robbery sentence. *Williams*, ___ Mich App at ___; slip op at 2.