# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 25, 2020

160318

PEOPLE OF THE STATE OF MICHIGAN,
   Plaintiff-Appellee,

v

SCOTT RICHARD JUREWICZ,
   Defendant-Appellant.

_____/

Bridget M. McCormack,
*Chief Justice*

David F. Viviano,
*Chief Justice Pro Tem*

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
*Justices*

SC: 160318
COA: 342193
Jackson CC: 15-004930-FC

On order of the Court, the application for leave to appeal the August 6, 2019 judgment of the Court of Appeals is considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE the judgment of the Court of Appeals and we REMAND this case to that court for reconsideration of the defendant's ineffective assistance of counsel claim under the correct standard. The Court of Appeals erred in holding that " '[t]he failure to call witnesses only constitutes ineffective assistance of counsel if it deprives the defendant of a substantial defense.' " *People v Jurewicz*, 329 Mich App 377, 382 (2019), quoting *People v Russell*, 297 Mich App 707, 716 (2012). The defendant was not required to show, in order to obtain relief for ineffective assistance of counsel, that trial counsel's failure to call witnesses deprived him of a substantial defense. Rather, a claim of ineffective assistance of counsel premised on the failure to call witnesses is analyzed under the same standard as all other claims of ineffective assistance of counsel, i.e., a defendant must show that "(1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51 (2012); see also *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d (1984). On remand, the Court of Appeals should resolve the defendant's claim of ineffective assistance of counsel under this standard.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 25, 2020



Clerk

p0922