# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

GEORGE MICHAEL COBREA,

      Defendant-Appellant.

UNPUBLISHED
January 22, 2015

No. 317646
Ionia Circuit Court
LC No. 2012-015527-FH

Before: RIORDAN, P.J., and MARKEY and WILDER, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of assault with intent to do great bodily harm less than murder, MCL 750.84, and prisoner in possession of a weapon, MCL 800.283(4). These convictions stem from defendant's stabbing of the victim while they were cellmates in prison. Defendant was sentenced as a second-offense habitual offender, MCL 769.10, to 5 to 15 years for assault with intent to do great bodily harm less than murder, and 4 years to 7 1/2 years for prisoner in possession of a weapon. We affirm.

## I. OTHER ACTS EVIDENCE

### A. STANDARD OF REVIEW

"The admissibility of other acts evidence is within the trial court's discretion and will be reversed on appeal only when there has been a clear abuse of discretion." *People v Waclawski*, 286 Mich App 634, 669-670; 780 NW2d 321 (2009). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008). "When the decision involves a preliminary question of law however, such as whether a rule of evidence precludes admission, we review the question de novo." *People v Mardlin*, 487 Mich 609, 614; 790 NW2d 607 (2010). Reversal is not required "unless after an examination of the entire cause, it shall affirmatively appear that it is more probable than not that the error was outcome determinative." *People v Knapp*, 244 Mich App 361, 378; 624 NW2d 227 (2001) (quotation marks and citation omitted).

### B. ANALYSIS

MRE 404(b)(1) provides that evidence of other crimes, wrongs, or acts may be admitted for purposes other than character, "such as proof of motive, opportunity, intent, preparation,

-1-

scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident[.]"  In order for other acts evidence to be admissible under MRE 404(b), the following four-part test must be met: (1) the evidence must be offered for a proper purpose; (2) it must be relevant; (3) the probative value of the evidence may not be substantially outweighed by the danger of unfair prejudice; and, (4) the trial court may, upon request, provide a limiting instruction to the jury. *People v VanderVliet*, 444 Mich 52, 55; 508 NW2d 114 (1993) amended 445 Mich 1205 (1994).  "Evidence relevant to a noncharacter purpose is *admissible* under MRE 404(b) *even if* it also reflects on a defendant's character." *Mardlin*, 487 Mich at 615 (emphasis in original).

The prosecution filed its notice of intent to introduce 404(b) evidence at trial.  The evidence related to a 2009 incident wherein defendant killed his ex-girlfriend with a knife, after he claimed to have been drugged and sodomized.  The prosecution theorized that this evidence was admissible and relevant to prove defendant's intent, motive, and a common system, plan or scheme.  Defendant objected to the evidence, although he admitted that he would be relying on theories of self-defense and lack of intent.  The trial court ruled in the prosecution's favor.

The trial court's ruling was not in error.  First, the evidence was offered for a non-character purpose of intent.  Second, the evidence was relevant to prove defendant's intent and lack of self-defense.  " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  MRE 401.  In the 2009 case, defendant killed his ex-girlfriend with a knife after she supposedly "drugged and sodomized" him.  In the instant case, defendant made a strikingly similar accusation.  After the victim disclosed he was homosexual, defendant claimed that he felt a sharp pain in his rectum early one morning and heard the victim moving around in his bunk.[1]  The victim was lying down later that morning when defendant brutally stabbed him with a knife.  However, at trial, defendant claimed that the victim was chocking him and that defendant was acting in self-defense.  In the prior 2009 incident, defendant also claimed that his girlfriend pulled a knife first, so he stabbed her in self-defense.

"If a type of event linked to the defendant occurs with unusual frequency, evidence of the occurrences may be probative, for example, of his criminal intent[.]" *Mardlin*, 487 Mich at 617.  The fact that defendant attacked his ex-girlfriend with a knife after claiming she sodomized him was relevant to defendant's intent in this case, as it tended to prove that defendant did, in fact, act with the requisite intent when stabbing the victim after the supposed sexual assault.  See *People v Russell*, 297 Mich App 707, 721; 825 NW2d 623 (2012) (the intent element is "an intent to do great bodily harm less than murder.") (Quotation marks and citation omitted); see also *People v Crawford*, 458 Mich 376, 387; 582 NW2d 785 (1998). The 2009 evidence also was directly relevant to the prosecution's burden of disproving defendant's assertion of self-defense in this case. *People v Dupree*, 486 Mich 693, 709-710; 788 NW2d 399 (2010).

---

[1] The prison nurse testified that defendant later reported he had been sexually assaulted.

Lastly, the probative value of the other acts evidence was not substantially outweighed by the danger of unfair prejudice. "Evidence is unfairly prejudicial when there exists a danger that marginally probative evidence will be given undue or preemptive weight by the jury." *Crawford*, 458 Mich at 398. The Michigan Supreme Court has cautioned that "Rule 403 determinations are best left to a contemporaneous assessment of the presentation, credibility, and effect of testimony by the trial judge." *People v Blackston*, 481 Mich 451, 462; 751 NW2d 408 (2008) (quotation marks and citation omitted).

Evidence of defendant's 2009 knife attack on his ex-girlfriend was highly probative of the intent element of assault with intent to do great bodily harm less than murder. Moreover, the prejudicial effect was minimized as the prosecutor was cautious in the nature of the questions asked about this incident. The trial court also limited the scope of the information regarding the 2009 incident, as evidence of defendant's actual conviction was prohibited. *Blackston*, 481 Mich at 462. Accordingly, we find no abuse of discretion in the trial court's admission of this evidence, nor a due process violation.

## II. CONCLUSION

The trial court did not abuse its discretion in permitting limited evidence of defendant's 2009 stabbing of his ex-girlfriend. We affirm.

/s/ Michael J. Riordan
/s/ Jane E. Markey
/s/ Kurtis T. Wilder