# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

RODERICK LOUIS PIPPEN,

Defendant-Appellant.

UNPUBLISHED
January 14, 2016

No.  321487
Wayne Circuit Court
LC No.  10-006891-FC

Before:  SAAD, P.J., and WILDER and MURRAY, JJ.

PER CURIAM.

A jury convicted defendant of first-degree felony murder, MCL 750.316(1)(b), felon in possession of a firearm, MCL 750.224f, and possession of a firearm during the commission of a felony, MCL 750.227b.[1]  The trial court sentenced defendant to life imprisonment for the felony-murder conviction and a concurrent prison term of three to five years for the felon-in-possession conviction, to be served consecutive to a two-year term of imprisonment for the felony-firearm conviction.  Defendant appeals as right.  We affirm.

On July 21, 2008, Brandon Sheffield was fatally shot during an apparent attempted carjacking in Detroit.  The victim was shot while seated in his Mercury Mountaineer with a friend and two other individuals whom he just met the day before.  The group was watching a video on a laptop computer in the parked Mountaineer, with the engine running, when a gunman approached the driver's side and demanded that everyone get out.  The victim was shot in the head while still in the driver's seat of the Mountaineer, which crashed into a tree.

Defendant was arrested three months later after a Detroit police officer observed defendant and Michael Hudson both throw guns under a vehicle in the area of Fairport and East Seven Mile Road in Detroit.  The officer claimed that the gun thrown by defendant was

---

[1] In a prior appeal, this Court reversed the predecessor judge's earlier order dismissing the charges against defendant, holding that the trial court erred in finding that the evidence at the preliminary examination failed to establish probable cause that defendant committed the charged offenses.  *People v Pippen*, unpublished opinion per curiam of the Court of Appeals, issued December 13, 2011 (Docket No. 300171).

-1-

determined to be the gun used to shoot the victim. During the police investigation of defendant's associates after his arrest, an officer took a statement from Shane McDuffie regarding the shooting incident. McDuffie testified at trial that he, Hudson, and defendant were driving around on the night of the shooting, and that he saw defendant exit the front passenger seat of their vehicle and shoot the victim.

In his sole issue on appeal, defendant argues that defense counsel was constitutionally ineffective for failing to investigate and call Hudson as a witness at trial to support his defense theory that McDuffie's testimony identifying defendant as the shooter was not credible. After conducting a *Ginther*[2] hearing, the trial court denied defendant's motion for a new trial.

Ineffective assistance of counsel is a mixed question of fact and constitutional law. *People v LeBlanc,* 465 Mich 575, 579; 640 NW2d 246 (2002). "A judge must first find the facts, and then decide whether those facts constitute a violation of the defendant's constitutional right to effective assistance of counsel." *Id.* An appellate court reviews the trial court's findings of fact for clear error and reviews questions of constitutional law de novo. *Id.*

To establish ineffective assistance of counsel, defendant bears the burden of showing both deficient performance and prejudice. *People v Carbin,* 463 Mich 590, 599-600; 623 NW2d 884 (2001). Counsel is presumed to have rendered adequate assistance and to have made all significant decisions in the exercise of reasonable professional judgment. *People v Vaughn,* 491 Mich 642, 670; 821 NW2d 288 (2012). Defendant must establish that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Id.* at 669. A reasonable probability is one sufficient to undermine confidence in the outcome of the proceeding. *People v Ackley*, 497 Mich 381, 389; 870 NW2d 858 (2015).

Decisions regarding whether to call a witness are presumed to matters of trial strategy. *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012). Counsel's failure to call a witness only constitutes ineffective assistance if it deprives the defendant of a substantial defense. *Id.* "A substantial defense is one that might have made a difference in the outcome of the trial." *People v Marshall*, 298 Mich App 607, 612; 830 NW2d 414 (2012), vacated on other grounds 493 Mich 1020 (2013). An appellate court will not evaluate counsel's performance with the benefit of hindsight. *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008). But a court cannot completely insulate its review of counsel's performance by calling it a matter of trial strategy. *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012). A court must first determine whether counsel made a choice after less than a complete investigation. *Id.* Counsel has a duty to make reasonable investigations or to reasonably decide that a particular investigation is unnecessary. *Id.*

"Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant." *Strickland v Washington*, 466 US 668, 691; 104 S Ct 2052; 80 L Ed 2d 674 (1984). Accordingly, "inquiry into counsel's

---

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

conversations with the defendant may be critical to a proper assessment of counsel's investigation decisions." *Id.* In this case, however, there was no testimony from either defendant or trial counsel at the *Ginther* hearing regarding what information, if any, defendant may have provided to counsel about the charges, or whether Hudson could provide defendant with a defense.

At the *Ginther* hearing it was undisputed that defendant's family had hired a private investigator, who had interviewed Hudson. Defense counsel was aware that McDuffie was claiming that he was a passenger in a car driven by Hudson, which defendant exited before approaching and then shooting the victim. Although the private investigator testified that he informed defense counsel before trial that Hudson had told him that he had no involvement in the shooting and that McDuffie was lying, defense counsel denied that he was informed of Hudson's proposed testimony by the private investigator. Defense counsel further testified that he never had any intention of calling Hudson as a witness because (1) he believed that anyone who could have been placed in the car by McDuffie "needed to be quiet," (2) Hudson had been arrested with defendant three months after the shooting incident, when an officer observed the two men each toss a firearm underneath a car, which could provide evidence corroborating prosecution witnesses and (3) defense counsel wanted to raise doubt about whether Hudson or defendant actually had the weapon that was later linked to the victim's murder, and (4) he assumed that Hudson would be unwilling to say that he possessed the alleged murder weapon before tossing it under a car.

We agree with the trial court's conclusion that it was sound strategy for defense counsel not to call Hudson as witness. It was reasonable to conclude that Hudson's credibility could be attacked, and that his testimony would minimally confirm that McDuffie was honestly testifying about who was present at the shooting and that Hudson and defendant were together three months later when the murder weapon was found. And, it was reasonable for defense counsel to believe that Hudson would not claim ownership to the gun found to have been used to shoot the victim. For these reasons, defendant's trial counsel was not ineffective for not calling or interviewing Hudson when he knew the primary aspects of Hudson's involvement with defendant. *Ackley*, 497 Mich at 393.

Defendant also failed to meet his burden of showing prejudice. Although the trial court did not directly resolve this issue, it identified several factors that bear on the issue. As the trial court observed, Hudson's proposed testimony would have corroborated McDuffie's testimony that he, defendant, and Hudson knew each other. It also would have accentuated that guns were discarded by both Hudson and defendant on October 18, 2008, one of which was the murder weapon.[3]

---

[3] Contrary to defendant's argument, the evidence does not indicate that defendant pleaded to "possession of the firearm." Rather, defense counsel stipulated that defendant made a prior admission under oath regarding his possession of a firearm in the area of Fairport and East Seven Mile Road, with the understanding that there were two firearms. Consistent with this stipulation, defense counsel asserted in his opening statement that defendant "admitted he was in possession

And just as Hudson denied being present during the shooting in his testimony at the *Ginther* hearing, he also denied any knowledge of the Glock handgun seized by the police on October 18, 2008, that was connected to the shooting. Hudson testified that he threw a .38 caliber gun and did not see defendant throw anything. Indeed, Hudson denied that he was walking with defendant when the police arrived, which was contrary to the officer's testimony that he observed both Hudson and defendant step between two cars, and then separate after the two guns were dropped. As a whole, Hudson presented himself at the *Ginther* hearing as a friend of defendant, who could not or would not implicate defendant in any crime. And, if Hudson had testified, the accomplice instruction that the trial court gave in relation to McDuffie's testimony would have similarly guided the jury's evaluation of Hudson's credibility. In addition, Hudson had theft-related prior convictions that likely would have been admissible for impeachment under MRE 609.

The record also discloses that there was some circumstantial corroboration for McDuffie's identification of defendant as the shooter, beyond the evidence connecting defendant to the murder weapon. Two individuals who were passengers in the Mountaineer when the shooting occurred gave descriptions of the shooter's height and build, which were consistent with defendant. Assuming defense counsel failed to conduct a reasonable investigation regarding Hudson's value as a witness, defendant has failed to establish a reasonable probability that it affected the outcome of the trial. Because Hudson would have strengthened the prosecution's evidence linking defendant to the murder weapon, and Hudson had his own credibility issues, the absence of his proposed testimony does not undermine confidence in the verdict. Accordingly, defendant has not demonstrated the requisite prejudice to establish ineffective assistance of counsel.

Affirmed.


/s/ Henry William Saad
/s/ Kurtis T. Wilder
/s/ Christopher M. Murray

---

of one of the handguns, not the handgun that did the homicide, one of the handguns three months later."