# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

SHAWN LAMAR TURNER,

       Defendant-Appellant.

UNPUBLISHED
May 19, 2016

No. 326364
Kalamazoo Circuit Court
LC No. 2014-001244-FC

Before: O'BRIEN, P.J., and K. F. KELLY and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of three counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a) (person under 13 years of age). Defendant was sentenced as a fourth habitual offender, MCL 769.12, to 40 to 60 years' imprisonment on each count, with the sentences to run concurrently. Defendant appeals as of right. We affirm.

Defendant first argues that the evidence was insufficient to sustain his conviction. We disagree. Challenges to the sufficiency of the evidence are reviewed de novo to "determine whether any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt." *People v Russell*, 297 Mich App 707, 721; 825 NW2d 623 (2012) (citation omitted). "This Court reviews the evidence in the light most favorable to the prosecution." *Id.* "This Court resolves all conflicts regarding the evidence in favor of the prosecution," *People v Lockett*, 295 Mich App 165, 180; 814 NW2d 295 (2012), and "[q]uestions of credibility are left to the trier of fact and will not be resolved anew by this Court," *People v Avant*, 235 Mich App 499, 506; 597 NW2d 864 (1999). "The elements of CSC–I under MCL 750.520b(1)(a) are that (1) the defendant engaged in sexual penetration with another person and (2) the other person was under 13 years of age." *Lockett*, 295 Mich App at 187. " 'Sexual penetration' means sexual intercourse, . . . anal intercourse, or any other intrusion, however slight, of any part of a person's body . . . into the genital or anal openings of another person's body . . . ." MCL 750.520a(r).

Viewing the evidence in a light most favorable to the prosecution, there was sufficient evidence for a rational jury to find that the elements of CSC-I were proven beyond a reasonable doubt. It is not disputed that defendant was over the age of 17 and both victims were under 13 years old. Additionally, each victim testified that defendant put his "private" or "front" part in

-1-

her behind more than five times. Although neither girl used anatomical terms, both clearly described anal penetration by defendant's penis. MCL 750.520a(r). "[I]t has long been settled that a complainant's testimony regarding a defendant's commission of sexual acts is sufficient evidence to support a conviction for CSC–I[.]" *People v Bailey*, 310 Mich App 703, 714; 873 NW2d 855 (2015). Moreover, the jury could have inferred defendant's propensity for sexually assaulting young girls based on the testimony of the prosecution's MCL 768.27a witness that defendant raped her when she was 12 years old. See *People v Watkins*, 491 Mich 450, 470-472, 496; 818 NW2d 296 (2012) (holding that when a criminal defendant is charged with a listed sexual offense against a minor, MCL 768.27a permits evidence of the defendant's other acts of sexual misconduct against a minor to be admitted for any relevant purpose, including propensity for committing such acts).

Defendant's argument that the evidence supporting his guilt was not believable also fails because it asks this Court to re-weigh the evidence and resolve conflicting testimony in his favor. This is contrary to the standard of review, which requires this Court to resolve all conflicting evidence in favor of the prosecution. *Lockett*, 295 Mich App at 180. Moreover, defendant's claim centers on the credibility of the witnesses, and credibility determinations will not be resolved anew on appeal. *Avant*, 235 Mich App at 506. Thus, the evidence was sufficient to support defendant's conviction.

Defendant next argues that he received ineffective assistance of counsel. We disagree. Defendant's claim is unpreserved. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). When an ineffective assistance of counsel claim is unpreserved, "this Court's review is limited to mistakes apparent from the record." *Id.* "To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness under prevailing professional norms and that this performance caused him or her prejudice." *People v Nix*, 301 Mich App 195, 207; 836 NW2d 224 (2013), citing *People v Armstrong*, 490 Mich 281, 289-290; 806 NW2d 676 (2011). "To demonstrate prejudice, a defendant must show the probability that, but for counsel's errors, the result of the proceedings would have been different." *Nix*, 301 Mich App at 207. It is presumed that trial counsel used effective trial strategy, and a defendant has a heavy burden to overcome this presumption. *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009).

Defendant first argues that defense counsel was ineffective for failing to call Ronnie Kellum as a witness at trial. The decision "to call or question witnesses is presumed to be [a] matter[] of trial strategy" and will only constitute ineffective assistance when it deprives defendant of a substantial defense. *Russell*, 297 Mich App at 716. "A substantial defense is one that might have made a difference in the outcome of the trial." *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009) (citation omitted). Defense counsel's failure to call Kellum as a witness did not deny defendant a substantial defense. Defendant's theory was that Kellum, the victims' mother's boyfriend, encouraged the victims to make false allegations of sexual abuse against him because defendant and Kellum had a poor relationship and because defendant and the victims' mother were fighting over money. Defendant cannot overcome the presumption that defense counsel decided not to call Kellum a witness as a matter of trial strategy. In the likely circumstance that Kellum denied defendant's claim that he encouraged the victims to make false allegations against defendant, it would have severely undermined defendant's theory at trial. Moreover, we do not agree that Kellum's testimony would have made a difference in the

outcome of trial, as defense counsel still presented the theory through the testimony and cross-examination of other witnesses.

Second, defendant argues that defense counsel failed to investigate Kellum. While the failure to conduct an adequate investigation can constitute ineffective assistance of counsel if it undermines confidence in the outcome of the trial, *Russell*, 297 Mich App at 716, a defendant claiming ineffective assistance of counsel has the burden of establishing the factual predicate for the claim, *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001). Here, defendant has not established a factual predicate for his claim that defense counsel did not investigate Kellum. Indeed, defense counsel questioned witnesses about Kellum and argued defendant's theory that Kellum manipulated the victim's allegations during closing argument, so it was clear that defense counsel, minimally, was aware of Kellum's existence before trial. Moreover, defendant has not shown what an investigation of Kellum would have revealed or what Kellum would have testified to if called as a witness.[1] Accordingly, defendant's assertion lacks merit. Because defendant's claim of ineffective assistance of counsel fails, we further deny defendant's request for remand because defendant has not demonstrated that development of a factual record on the ineffective assistance of counsel issue is required.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood

---

[1] Defendant suggests that an investigation of Kellum may have uncovered evidence that Kellum "had been accused of a similar crime in the past." However, even assuming this were true, we do not see how such evidence would have been relevant or admissible at trial.