# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

HAZLEY LEE COY,

        Defendant-Appellant.

UNPUBLISHED
October 13, 2016

No. 327809
Wayne Circuit Court
LC No. 14-011038-FC

Before: FORT HOOD, P.J., and GLEICHER and O'BRIEN, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of first-degree premeditated murder, MCL 750.316(1)(a), and unlawful driving away an automobile, MCL 750.413. Defendant was sentenced as a fourth habitual offender, MCL 769.12, to life imprisonment for the murder conviction and 76 months to 20 years' imprisonment for the unlawful driving away conviction. Defendant appeals as of right. We affirm.

Defendant argues that there was insufficient evidence to support a conviction of first-degree murder. We disagree.

Challenges to the sufficiency of the evidence are reviewed de novo to "determine whether any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt." *People v Russell*, 297 Mich App 707, 721; 825 NW2d 623 (2012) (citation omitted). "This Court reviews the evidence in the light most favorable to the prosecution." *Id*. "This Court resolves all conflicts regarding the evidence in favor of the prosecution," *People v Lockett*, 295 Mich App 165, 180; 814 NW2d 295 (2012), and "[q]uestions of credibility are left to the trier of fact and will not be resolved anew by this Court," *People v Avant*, 235 Mich App 499, 506; 597 NW2d 864 (1999).

In order to convict a defendant of first-degree premeditated murder, the prosecution must prove that there was an "(1) the intentional killing of a human (2) with premeditation and deliberation." *People v Bennett*, 290 Mich App 465, 472; 802 NW2d 627 (2010). The intent required for first-degree premeditated murder is the intent to kill with premeditation and deliberation. *People v Taylor*, 275 Mich App 177, 179; 737 NW2d 790 (2007); MCL 750.316(1)(1). "Premeditation and deliberation require sufficient time to allow the defendant to take a second look." *People v Anderson*, 209 Mich App 527, 537; 531 NW2d 780 (1995)

-1-

(quotation marks and citation omitted). "Premeditation may be established through evidence of the following factors: (1) the prior relationship of the parties; (2) the defendant's actions before the killing; (3) the circumstances of the killing itself; and (4) the defendant's conduct after the homicide." *Id*. "[M]inimal circumstantial evidence will suffice to establish the defendant's state of mind[.]" *People v Kanaan*, 278 Mich App 594, 622; 751 NW2d 57 (2008).

The crime at issue occurred at a home in Detroit. Defendant testified that he and the victim were involved in a dispute in the bedroom of the home. The victim hit defendant with a wooden club. Defendant then went to the kitchen of the house and obtained a metal pipe. Defendant returned to the bedroom and hit the victim with the pipe. At trial, defendant testified that the victim was sitting up on the bed, but in a police interrogation, he stated that when he reentered the bedroom, the victim was lying on the bed, facing the opposite direction. At trial, defendant acknowledged that he could have left the house after being hit by the wooden club. This evidence was sufficient to show premeditation and deliberation, as defendant had sufficient time to take a second look before killing the victim with the pipe. *Anderson*, 209 Mich App at 537. Indeed, "[a] sufficient time lapse to provide an opportunity for a 'second look' may be merely seconds[.]" *People v Meier*, 47 Mich App 179, 191-192; 209 NW2d 311 (1973).

Affirmed.

/s/ Karen M. Fort Hood
/s/ Elizabeth L. Gleicher
/s/ Colleen A. O'Brien

-2-