# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

VINCENT EDWARD DUNLAP,

Defendant-Appellant.

UNPUBLISHED
January 10, 2017

No. 329996
Washtenaw Circuit Court
LC No. 13-001157-FH

Before: WILDER, P.J., and BORRELLO and GLEICHER, JJ.

PER CURIAM.

A jury convicted defendant, Vincent Edward Dunlap, of two counts of delivering less than 50 grams of heroin, MCL 333.7401(2)(a)(iv), following two controlled buys with an undercover officer. Defendant claimed mistaken identity and named his brother, Virgil Dunlap, as the actual perpetrator. On appeal, defendant challenges trial counsel's failure to adequately investigate his mistaken identity defense and to present Virgil as a witness. He also contests the sufficiency of the evidence to establish his identity. We affirm.

## I. BACKGROUND

On two separate occasions in 2013, Ypsilanti Police Sergeant Zachary Allen purchased heroin from an individual nicknamed "Vito." Sergeant Allen paid $50 and $60 for the drugs, which were provided in small amounts folded inside lottery tickets. After the first transaction, a surveillance team followed the seller back to an apartment.

The day after the second transaction, Sergeant Allen led a team to execute a search warrant at the apartment. Inside, the officers found Virgil Dunlap in the living room and Virgil's brother, defendant Vincent Edward Dunlap, in a bedroom. Sergeant Allen recognized defendant as the man who sold him the heroin. Defendant provided his identification to the officers, establishing that he was Vincent Edward Dunlap. Police officers waited six weeks to arrest defendant, pending laboratory testing of the alleged heroin. In the meantime, Sergeant Allen authored a report outlining his investigation. In the report, Allen identified the heroin seller as "Virgil Edward Dunlap." The prosecutor's office caught the discrepancy. Allen then prepared a supplemental report identifying defendant by name as the seller. At trial, Allen acknowledged the misnomer in his first report, but emphatically identified defendant as the individual from whom he purchased heroin.

-1-

## II. ASSISTANCE OF COUNSEL

Defendant contends that trial counsel was ineffective because he failed to interview Virgil and present him as a witness at trial, despite defendant's request that he do so. Defendant asserted in an affidavit that he told his attorney "that if his brother was called to testify at his trial he would have testified that he was the person known as 'Vito' and that he did the drug sales."

A claim of ineffective assistance of counsel is a mixed question of fact and constitutional law and we generally review the trial court's findings of fact for clear error and questions of constitutional law de novo. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). However, because this Court denied defendant's motion to remand for a *Ginther*[1] hearing, our review is limited to mistakes apparent on the record. See *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009).

To merit relief due to ineffective assistance of counsel, a defendant must prove: (1) that the attorney made an error, and (2) that the error was prejudicial to defendant. *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Pickens*, 446 Mich 298, 311, 314; 521 NW2d 797 (1994). Specifically, the defendant must demonstrate that counsel's performance fell below an objective standard of reasonableness. *People v Russell*, 297 Mich App 707, 715-716; 825 NW2d 623 (2012). Then, defendant must demonstrate that, but for counsel's deficient performance, a different result would have been reasonably probable. *Id*.

Here, even if we assume that counsel's performance was deficient, defendant has not overcome his burden of establishing prejudice. *Defendant* swore in an affidavit that Virgil would have taken the fall for him on the stand. However, defendant never presented an affidavit from *Virgil* describing what testimony *Virgil* would have actually provided. Defendant's speculation that his brother would have selflessly inculpated himself is insufficient to establish entitlement to a new trial.

## III. SUFFICIENCY OF THE EVIDENCE

Defendant further contends that the prosecution presented insufficient identification evidence to support his convictions. We review challenges to the sufficiency of the evidence de novo, viewing the evidence "in the light most favorable to the prosecution" to determine whether a rational trier of fact "could have found that the essential elements of the crime were proven beyond a reasonable doubt." *People v Odom*, 276 Mich App 407, 418; 740 NW2d 557 (2007). "Conflicts in the evidence must be resolved in favor of the prosecution," and "[c]ircumstantial evidence and reasonable inferences arising therefrom may constitute proof of the elements of the crime." *People v Bennett*, 290 Mich App 465, 472; 802 NW2d 627 (2010).

Identity is an element of every criminal offense. *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008). "[P]ositive identification by witnesses may be sufficient to support a conviction. . . ." *People v Davis*, 241 Mich App 697, 700; 617 NW2d 381 (2000). The

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

credibility of that identification testimony "is a question for the trier of fact that we do not resolve anew." *Id*.

Sergeant Allen testified that he met defendant on two separate occasions to buy heroin. During both transactions, Allen was in close proximity to the seller. Knowing his identification of the seller would be a crucial piece of evidence, Allen purposefully examined the seller's face to memorize his appearance. When Allen entered the apartment to execute the search warrant, he was positive defendant was the individual who sold him heroin, not Virgil. Sergeant Allen asserted that he became confused when drafting his report because of the alliteration of names in this case—Vito, Virgil, and Vincent. Accordingly, he accidentally combined the name "Virgil" with defendant's middle name "Edward" in the report. Sergeant Allen rectified this error because he was confident defendant, Vincent Edward Dunlap, was the person who sold him heroin. The jury accepted this evidence and we may not interfere with that credibility judgment.

We affirm.


/s/ Kurtis T. Wilder
/s/ Stephen L. Borrello
/s/ Elizabeth L. Gleicher