# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KENYADA ARMANDO HORNES,

Defendant-Appellant.

UNPUBLISHED
November 21, 2017

No. 333886
Ottawa Circuit Court
LC No. 15-039718-FH

Before: SWARTZLE, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

Defendant appeals by right his conviction of operating under the influence of a controlled substance causing death, MCL 257.625(4), (8). The trial court sentenced defendant as a third-offense habitual offender, MCL 769.11, to 100 to 360 months' imprisonment. We affirm.

This case arises from a motor vehicle accident that occurred on May 3, 2015, and caused the death of Nikkie Thomas. Thomas, defendant, and Thomas's friend, Shalisa Porter, traveled from Benton Harbor to Muskegon on May 2, 2015, to watch a boxing match with Thomas's brother. At trial, Porter testified that the three smoked marijuana during the drive to Muskegon, that she saw defendant smoking marijuana outside while they were at the gathering, and that the three again smoked marijuana during the ride home. According to Porter, defendant drove the three back to Benton Harbor around 3:00 a.m. on May 3, 2015, following southbound US 31. She fell asleep during the drive, but she awoke to Nikkie's screaming and the vehicle's leaving the roadway.

Ottawa County Sheriff officers with specialized knowledge of accident reconstruction later concluded that the vehicle, traveling about 55 miles per hour, drifted into the median, abruptly returned to the southbound roadway, and then abruptly swerved back into the median, flipping several times before coming to rest on its side in the northbound lanes. The airbags did not deploy. Defendant and Nikkie, who were not wearing their seatbelts, were ejected from the vehicle.

Nikkie was pronounced dead at the scene by responding officers. Porter told officers that defendant had been driving, that they had smoked marijuana earlier in the day, and that they had just been at a party where alcohol was present. Officers obtained a search warrant to perform a blood test on defendant. The test results were negative for alcohol but positive for marijuana.

-1-

On appeal, defendant unconvincingly claims there was insufficient evidence to convict him of violating MCL 257.625. This Court reviews a defendant's challenge to the sufficiency of the evidence de novo. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). To sustain a conviction the evidence when viewed in a light most favorable to the prosecutor would permit a rational trier of fact to have found all essential elements of the crime were proven beyond a reasonable doubt. *Id*. This Court must also "draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

MCL 257.625 provides, in pertinent part:

> (4) A person, whether licensed or not, who operates a motor vehicle in violation of subsection (1), (3), or (8) and by the operation of that motor vehicle causes the death of another person is guilty of a crime . . . .

> \* \* \*

> (8) A person, whether licensed or not, shall not operate a vehicle upon a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles, within this state if the person has in his or her body any amount of a controlled substance listed in schedule 1 under section 7212 of the public health code, 1978 PA 368, MCL 333.7212, or a rule promulgated under that section, or of a controlled substance described in section 7214(a)(*iv*) of the public health code, 1978 PA 368, MCL 333.7214.

To establish that defendant violated MCL 257.625 as alleged in this case, the prosecutor must establish that:

> (1) [T]he defendant was operating his or her motor vehicle in violation of MCL 257.625(1), (3), or (8); (2) the defendant voluntarily decided to drive, knowing that he or she had consumed an intoxicating agent and might be intoxicated; and (3) the defendant's operation of the motor vehicle caused the victim's death. [*People v Schaefer*, 473 Mich 418, 434; 703 NW2d 774 (2005).]

In accordance with the statutory prohibition of "any amount of a controlled substance listed in schedule 1 under section 7212 of the public health code," in a prosecution for violating MCL 257.625(8), " 'the prosecution is not required to prove beyond a reasonable doubt that a defendant knew he or she might be intoxicated' because the section does not require intoxication or impairment." *People v Feezel*, 486 Mich 184; 783 NW2d 67 (2010), quoting *People v Derror*, 475 Mich 316, 334; 715 NW2d 822 (2006).[1]

---

[1] *Feezel* overruled *Derror* with respect to its holding that "that 11-carboxy-THC, a byproduct of metabolism created when the body breaks down the psychoactive ingredient of marijuana, is a

The prosecution presented ample evidence that defendant had marijuana in his system when the motor vehicle accident occurred through the toxicologist's testimony concerning defendant's blood sample and Porter's testimony that defendant had smoked marijuana three times on the day in question. Further, Porter testified that defendant was driving the vehicle when the accident occurred. It was undisputed that the vehicle accident killed Nikkie. Accordingly, the evidence was sufficient to establish that defendant drove a vehicle knowing he had ingested a controlled substance, and that a death resulted.

Defendant argues that this evidence was not sufficient because Porter's testimony was not credible; however, it is the responsibility of the jury, not this Court, to determine the credibility of the witnesses and the weight accorded to evidence. *People v McGhee (After Remand)*, 268 Mich App 600, 624; 709 NW2d 595 (2005). Considering that Porter's testimony was the only evidence that established that defendant was driving the vehicle, we must conclude that the jury clearly found Porter's testimony credible. Therefore, this evidence, when viewed in a light most favorable to the prosecution, would justify a rational jury's finding that defendant operated a motor vehicle under the influence of a controlled substance causing death. See *Nowack*, 462 Mich at 399-400.

Defendant also argues that he received ineffective assistance of counsel at trial. Specifically, defendant argues that defense counsel's failure to produce an expert to testify that defendant's THC levels could have been caused by secondhand smoke constituted ineffective assistance of counsel. Defendant also argues that defense counsel should have elicited testimony concerning the range of uncertainty of the blood test and that defense counsel should have called defendant to testify.[2]

Generally, "[a] claim of ineffective assistance of counsel is a mixed question of law and fact." *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008). "A trial court's findings of fact, if any, are reviewed for clear error, and this Court reviews the ultimate constitutional issue arising from an ineffective assistance of counsel claim de novo." *Id.* Here, however, because defendant's motion to remand for a *Ginther*[3] hearing was denied, review "is limited to mistakes apparent on the record." *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009).

To demonstrate ineffective assistance of counsel, a defendant must (1) "show that counsel's performance was deficient," and (2) "show that the deficient performance prejudiced

schedule 1 controlled substance under MCL 333.7212 of the Public Health Code." *Feezel*, 486 Mich at 204-205.

[2] In his issue statement, defendant also argues that defense counsel was ineffective for failing to elicit testimony concerning whether Nikkie's sternum injury could have been caused by her impact with the steering wheel. Because defendant provides no further argument or explanation of this issue, it is abandoned. *People v Harris*, 261 Mich App 44, 50; 680 NW2d 17 (2004) ("An appellant's failure to properly address the merits of his assertion of error constitutes abandonment of the issue.").

[3] *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973).

the defense." *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001), quoting *Strickland v Washington*, 466 US 668, 687-688; 104 S Ct 2052; 80 L Ed 2d 674 (1984) (quotation marks omitted). In proving deficient performance, defense counsel's actions are measured against an objective standard of reasonableness, *Payne*, 285 Mich App at 188, and defendant must "overcome a strong presumption that counsel's performance constituted sound trial strategy," *Carbin*, 463 Mich at 600. If defendant shows that counsel's performance fell below an objective standard of reasonableness, defendant must then "show the existence of a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." *Id*.

This Court has held that counsel's refraining from raising objections "can often be consistent with sound trial strategy." *People v Unger*, 278 Mich App 210, 242; 749 NW2d 272 (2008). Similarly, the failure to call witnesses only constitutes ineffective assistance of counsel where it may have made a difference in the outcome of the trial. *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012). Additionally, defense counsel is not required to raise futile objections. *People v Snider*, 239 Mich App 393, 425; 608 NW2d 502 (2000).

On appeal, defendant argues that defense counsel was ineffective for failing to call an expert witness to discuss how the THC levels in defendant's blood sample could have been caused by his inhaling the secondhand smoke from Nikkie's and Porter's smoking marijuana in the vehicle. Defendant has attached an article to his brief on appeal describing a scientific study that concluded that in enclosed, unventilated rooms, exposure to secondhand smoke could produce detectable levels of THC in the blood of nonsmokers present in the room. Defendant, however, has "offer[ed] no proof that an expert witness would have testified favorably if called by the defense." *People v Ackerman*, 257 Mich App 434, 455; 669 NW2d 818 (2003). Because defendant offered no proof that an expert witness would testify that secondhand smoke could have been responsible for defendant's THC levels, defendant has failed to establish the factual predicate for his claim, and this Court need not review his claim further. See *id*. To the extent that defendant argues that defense counsel should have elicited testimony concerning the range of uncertainty of the blood test results, we note this argument is solely based on providing support for his secondhand smoke theory, which defendant has failed to properly present on appeal.

Defendant also argues that defense counsel rendered ineffective assistance of counsel when she advised defendant not to testify, thereby depriving defendant of the ability to convey that he did not remember the accident or who was driving at the time because he had himself sustained a head injury in the accident. Defendant does not assert that defense counsel prevented

him from exercising his right to testify but only that she rendered ineffective assistance of counsel in advising him not to testify. To the extent that defendant implies that his lack of testimony created an assumption of guilt, we point out that defendant was entitled to the presumption of innocence, and the jury was instructed accordingly. Further, defendant was not deprived of a substantial defense that could have altered the outcome of trial where the only testimony defendant would have provided is that he had no memory of the accident. See *Russell*, 297 Mich App at 716.

We affirm.

/s/ /Brock A. Swartzle
/s/ David H. Sawyer
/s/ Jane E. Markey