# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

LARRY JAMES BAILEY,

Defendant-Appellant.

UNPUBLISHED
April 6, 2020

No. 338351
Macomb Circuit Court
LC No. 2016-002492-FH

ON REMAND

Before: TUKEL, P.J., and SHAPIRO and GADOLA, JJ.

PER CURIAM.

Defendant was convicted following a jury trial of assault with intent to commit criminal sexual conduct involving penetration, MCL 750.520g(1), and second-degree criminal sexual conduct, MCL 750.520c(2)(b). Defendant appealed and we remanded for a *Ginther*[1] hearing on his claim of ineffective assistance of counsel regarding trial counsel's decision to introduce a transcript of the child-complainant's forensic interview into evidence.[2] The trial court found that defendant was not entitled to relief and we affirmed, concluding that even if counsel was ineffective, defendant had not demonstrated outcome determinative prejudice.[3] In lieu of granting defendant's leave to appeal, the Supreme Court remanded for us to consider defendant's additional claim that "trial counsel was ineffective for failing to investigate and present witnesses supporting the theory of defense."[4] Having done so, we again remand for a *Ginther* hearing.

Defendant's convictions arose from allegations that he sexually abused his former girlfriend's then seven-year-old daughter, LJ. LJ first disclosed the allegations to her grandmother, Tanya Brill, who contacted the police. LJ underwent a sexual assault exam that did not reveal any

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[2] *People v Bailey*, unpublished per curiam opinion of the Court of Appeals, issued March 7, 2019 (Docket No. 338351).

[3] *People v Bailey*, unpublished per curiam opinion of the Court of Appeals, issued June 27, 2019 (Docket No. 338351).

[4] *People v Bailey*, ___ Mich ___ (2020) (Docket No. 160124).

-1-

physical indication of sexual abuse. She later participated in a forensic interview with the Macomb County Child Advocacy Center (CARE House). Defendant was charged with sexually assaulting LJ on two occasions while babysitting her. At trial, the prosecution called as witnesses LJ, her mother (Sierra), Brill, the sexual assault nurse examiner, and the forensic interviewer. The defense was that LJ fabricated the allegations at her mother's behest following her and defendant's final breakup.

On appeal, defendant raised two claims of ineffective assistance of counsel: (1) trial counsel committed professional error by admitting transcripts of LJ's CARE House interview into evidence; and (2) trial counsel failed to investigate and call two witnesses beneficial to the defense.[5] In support of the second claim, defendant submitted an affidavit stating that he told trial counsel of two witnesses, Maurice Hamilton and Lakeisha Bailey (defendant's wife), who would have testified that Sierra made threats against defendant if he "were to ever leave her." Defendant's appellate counsel also submitted an affidavit summarizing her telephone conversations with Hamilton and Lakeisha. According to appellate counsel, Hamilton indicated that he was present on more than one occasion when Sierra made threats against defendant, stating that "she would 'fix him' or that she would 'get him locked up' if he ever left her." Hamilton told appellate counsel that he was not contacted by trial counsel. Appellate counsel averred that Lakeisha would have testified that Sierra stated shortly before her and defendant's final breakup that she would "see [defendant] in prison" before seeing him reunite with Lakeisha.

While retaining jurisdiction, we remanded for a *Ginther* hearing on defendant's claim of ineffective assistance of counsel regarding the forensic interview transcript. We did not discuss counsel's failure to call the two witnesses and our remand order made no reference to it. In the course of the hearing however, there was brief testimony from trial counsel regarding his decision not to call Hamilton or Lakeisha as witnesses. Trial counsel testified that he was unable to contact Hamilton:

> [W]hat I recall was there was an attempt to try to reach out to him, numerous family members and friends were trying to assist me in that regard and information that I did ultimately receive, I think I did attempt to reach out to him on a number I was provided, but the family and friends weren't able to make contact with him.

He also explained that "based on the information that I was provided that he would testify to, it would not be material and it would have been hearsay." Trial counsel testified that he spoke to Lakeisha "on numerous occasions," but that it was difficult to keep in contact with her because she did not have a working phone and was in the process of being evicted from her home. Trial

---

[5] Defendant also argued that the trial court erred in sentencing him as a fourth-offense habitual offender and that trial counsel was ineffective for failing to object. However, we granted defendant's motion to remand to allow him to move for resentencing "based on defendant-appellant's habitual offender status." *People v Bailey*, unpublished order of the Court of Appeals, entered March 1, 2018 (Docket No. 338351). On remand, the trial court granted defendant's motion for resentencing, and sentenced him to reduced prison terms of 142 to 240 months.

counsel later agreed with the prosecutor that he did not call the witnesses because he could not "get a hold of" them.

In concluding that defendant was not denied effective assistance of counsel, the trial court did not address trial counsel's decision not to call Hamilton or Lakeisha as witnesses. Nor did we when the case was submitted to us after remand. Per the Supreme Court's order, we do so now.[6]

In order to show ineffective assistance of counsel, the defendant must establish (1) that the trial counsel made an error, and (2) that the error was prejudicial to defendant. *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Pickens*, 446 Mich 298, 311, 314; 521 NW2d 797 (1994). First, the defendant must show that trial counsel's performance fell below an objective standard of reasonableness. *People v Russell*, 297 Mich App 707, 715-716; 825 NW2d 623 (2012). Second, the defendant must show that, but for trial counsel's deficient performance, a different result would have been reasonably probable. *Id*.

Defendant first argues that trial counsel failed to investigate the proposed witnesses. Defense counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland v Washington*, 466 US 668, 691; 104 S Ct 2052; 80 L Ed 2d 674 (1984). "The failure to make an adequate investigation is ineffective assistance of counsel if it undermines confidence in the trial's outcome." *People v Grant*, 470 Mich 477, 493; 684 NW2d 686 (2004).

Trial counsel's brief testimony regarding his communication efforts with the proposed witnesses is not a sufficient basis on which to determine if the failure to call them was ineffective assistance of counsel. His testimony was equivocal as to whether he personally tried to contact Hamilton or instead merely relied on defendant's family and friends to make that inquiry. It is also unclear what the family and friends' efforts entailed. Counsel stated that he did have conversations with Lakeisha, but that he was unable to maintain contact with her because she was evicted from her home and had only intermittent phone service. The record is silent about whether they discussed Sierra's alleged threats regarding defendant and it is not clear from his testimony that she was not available to testify. And, given the scope of our remand order, neither Lakeisha nor Hamilton were called to testify regarding their contacts with trial counsel.

A "[t]rial counsel's failure to a call a witness is only considered ineffective assistance if it deprived the defendant of a substantial defense. A substantial defense is one that could have affected the outcome of the trial." *Id*. (citation omitted). Here, the entire defense rested on the claim that LJ's accusations were false and the product of coaching by Sierra in order to punish defendant for having left her. Sierra testified that she did not engage in any coaching and she denied making threatening statements to defendant such as "[y]ou're going to get it" or "[y]ou're not going to leave me." According to the affidavits, the two uncalled witnesses would have provided testimony that they were present when Sierra made such threats regarding defendant.

---

[6] A claim of ineffective assistance of counsel presents a mixed question of fact and constitutional law. We review the trial court's findings of fact for clear error and questions of constitutional law de novo. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012).

Counsel also testified that he did not think the testimony of these two witnesses would be admissible because they were hearsay and that was, at least in part, why he did not take further action to obtain their testimony. We agree that such testimony would constitute hearsay and so would not be admissible as substantive evidence, but it could have been introduced to impeach Sierra's testimony that no such threats ever occurred and so provided the sole support for defendant's theory of the case.

Because further development of the factual record is required, we remand for a second *Ginther* hearing regarding whether defense counsel's decision not to call these two witnesses constituted ineffective assistance of counsel. If the trial court concludes that it was, it shall then consider whether their testimony would have made a different result reasonably probable, and further whether the failure to call these witnesses along with counsel's admission of the CARE House interview transcript constituted cumulative prejudice so as to have made a different result reasonably probable. We retain jurisdiction.

/s/ Jonathan Tukel
/s/ Douglas B. Shapiro
/s/ Michael F. Gadola

-4-