*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ANDRE LEMOND LINDSEY, JR.,

Defendant-Appellant.

UNPUBLISHED
January 09, 2025
1:17 PM

No. 368440
Saginaw Circuit Court
LC No. 22-048864-FC

Before: N. P. HOOD, P.J., and REDFORD and MALDONADO, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial conviction of second-degree murder, MCL 750.317 and the accompanying conviction of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b(1). Defendant was also convicted of felon in possession of a firearm, MCL 750.224f(1); felon in possession of ammunition, MCL 750.224f(3); and two additional counts of felony-firearm. However, he does not contest these convictions. Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, to serve 50 to 75 years' imprisonment for second-degree murder; 76 to 180 months' imprisonment each for felon-in-possession and felon in possession of ammunition; and three concurrent terms of two years' imprisonment for the felony-firearm convictions, to run consecutively to the sentences for the offenses they accompany. We affirm.

## I. BACKGROUND

Defendant was the victim's son, and the pair got into a heated argument outside of the victim's brother's house in July 2021. Defendant ultimately shot the victim seven times and promptly fled the scene. When interviewed approximately one week later, defendant lied to the police and said that his father was shot in a drive-by shooting. However, defendant asserted a self-defense claim at trial, arguing that the victim was charging toward him and possibly had a

-1-

weapon.[1]  This purportedly caused defendant to fear for his life, thereby justifying the shooting. The jury rejected defendant's self-defense claim and found him guilty of second-degree murder.

## II.  SUFFICIENCY OF THE EVIDENCE

Defendant argues that the prosecution failed to present sufficient evidence to disprove that he shot the victim in self-defense.  We disagree.

"Due process requires the prosecutor to introduce evidence sufficient for a trier of fact to find the defendant guilty beyond a reasonable doubt." *People v Jarrell*, 344 Mich App 464, 480; 1 NW3d 359 (2022).  This Court reviews de novo claims of insufficient evidence.  *People v Savage*, 327 Mich App 604, 613; 935 NW2d 69 (2019).  When a defendant challenges the sufficiency of the evidence, this Court must view all the evidence in the light most favorable to the prosecution to determine whether any rational fact-finder could have found that the elements of the offense were established beyond a reasonable doubt.  *Jarrell*, 344 Mich App at 480. Circumstantial evidence and reasonable inferences can establish the elements of a crime, and this Court must "draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018).

"The elements of second-degree murder are (1) a death, (2) caused by an act of the defendant, (3) with malice, and (4) without justification or excuse." *People v Wafer*, 509 Mich 31, 40; 983 NW2d 315 (2022) (quotation marks and citation omitted).  "A killing may be considered justified if the defendant acts in self-defense." *People v Bailey*, 330 Mich App 41, 46; 944 NW2d 370 (2019) (quotation marks and citation omitted).  In general, "an individual who is not the aggressor in an encounter is justified in using a reasonable amount of force against his adversary, but only if the individual believes that he is in immediate danger of bodily harm and that the use of force is necessary to avoid said danger." *Id*. (quotation marks and citation omitted).  There is no duty to retreat "so long as the individual engaging in self-defense or defense of others was not committing or had not committed a crime and had a legal right to be where they were when they used force." *People v Ogilvie*, 341 Mich App 28, 37; 989 NW2d 250 (2022) (quotation marks and citation omitted).  "Once a defendant raises the issue of self-defense and satisfies the initial burden of producing some evidence from which a jury could conclude that the elements necessary to establish a prima facie defense of self-defense exist, the prosecution must exclude the possibility of self-defense beyond a reasonable doubt." *Id*. at 36 (quotation marks and citation omitted).

Defendant argues that the victim charged at him, potentially with a weapon, causing defendant to fear for his safety and shoot the victim.  Defendant essentially asks us to reweigh the evidence and assess the credibility of witnesses, which we are not permitted to do.  Evidence is viewed in a light most favorable to the prosecution and issues of credibility are resolved in favor of the verdict; therefore, defendant's argument must be rejected.  The victim's brother, Ulish Lindsay, and the victim's niece, Dymin Cannon, were both present for the argument and witnessed the shooting.  There were some variances between their testimonies, but "[a] jury is free to believe or disbelieve, in whole or in part, any of the evidence presented." *People v Russell*, 297 Mich App

---

[1] Defendant did not testify.

-2-

707, 721; 825 NW2d 623 (2012) (quotation marks, citation, and alteration omitted). Their testimony established that the argument took place on the porch, that defendant eventually left the porch and walked into the street, that defendant took a gun out when he was in the street. They agreed the victim did leave the porch and begin moving toward defendant, but they both testified that they did not see a weapon in the victim's hands. Indeed, there is no evidence that the victim was armed at any point. Further, Cannon testified that the victim came off the porch after defendant told him to, and both eyewitnesses also testified that they did not hear the victim threaten defendant. The victim was shot seven times, and the eyewitnesses both testified that defendant continued shooting the victim after he fell to the ground. This established that the force used went beyond that necessary to repel the victim's advances. Yolanda Mixon, who was present at the house but not outside during the shooting, testified that she heard the gunshots while she was inside the house and that she then heard defendant say, "He ain't gonna punk me out like that." This comment suggests that defendant shot the victim out of anger arising from a perceived disrespect. Finally, it is undisputed that defendant fled the scene and lied to the police, suggesting consciousness of guilt. See *People v McGhee*, 268 Mich App 600, 613; 709 NW2d 595 (2005).

All of this evidence, taken together, was sufficient to establish beyond a reasonable doubt that defendant did not kill the victim in self-defense.

Affirmed.

/s/ Noah P. Hood
/s/ James Robert Redford
/s/ Allie Greenleaf Maldonado