*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

GERAL SAMUEL BARKSDALE,

        Defendant-Appellant.

UNPUBLISHED
July 21, 2025
9:50 AM

No. 364612
Wayne Circuit Court
LC No. 22-001331-01-FC

Before: MARIANI, P.J., and MURRAY and TREBILCOCK, JJ.

PER CURIAM.

A jury convicted defendant, Geral Samuel Barksdale, of five criminal sexual conduct offenses for sexually abusing a minor under 13, and the trial court imposed decades-long sentences of imprisonment. Defendant appeals his convictions as of right, arguing his trial counsel was ineffective for failing to present exculpatory evidence—that he was positive for herpes simplex virus type 2 (HSV-2) and his victim subsequently tested negative—that he contends would have resulted in a reasonable probability of acquittal. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

While defendant dated EC, he sexually abused her minor daughter over the course of several years. The abuse began in 2018, when his victim was around nine years old—defendant repeatedly groped, performed oral sex on, and had vaginal sex with her. The victim told EC about the abuse in 2021, and EC took the victim to a hospital and reported the sexual assaults. For her part, EC testified that, although her relationship with defendant ended after EC learned of the victim's allegations, EC never accused defendant of perpetrating the abuse against the victim because EC "kn[e]w it didn't happen."

Based on this and other evidence, a jury convicted defendant of three counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(2)(b) (sexual penetration of person under the age of 13 and defendant is older than 17), and two counts of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(2)(b) (sexual contact with person under the age of 13 and defendant is older than 17), but acquitted him of assault with intent to do great bodily harm less than murder or by strangulation or suffocation (AWIGBH), MCL 750.84. The trial court sentenced defendant as

-1-

a third-offense habitual offender to 25 to 30 years' imprisonment for each CSC-I conviction and 5 to 15 years' imprisonment for each CSC-II conviction.

Defendant subsequently moved for a new trial, arguing trial counsel was ineffective because he refused to offer evidence of defendant's HSV-2 diagnosis at trial. More specifically, defendant asserted he was diagnosed with HSV-2 in 2017, and subsequently infected EC; however, the victim tested negative for HSV-2. In his view, her lack of infection demonstrates he did not sexually abuse her. Defendant informed trial counsel of this evidence, but trial counsel refused to offer it, believing it "would paint [defendant] as promiscuous and the kind of person who would commit the charged offenses."

The trial court held a *Ginther*[1] hearing on defendant's motion. According to trial counsel, defendant denied sexually abusing the victim, and, after considering all the evidence, it was trial counsel's "sincere opinion that [the victim] had serious credibility issues and that [defendant] would win it on that." Trial counsel explained:

> And I thought about that, and I thought since, in my opinion, we were doing a good job regarding the credibility of the—the lack of credibility, in my opinion, of the witness, I didn't think it would be a good idea to introduce that—that factor. I didn't want to throw any dirt on his reputation. I think that would outweigh the benefits that I believe we had during the trial.

Trial counsel "did not want the jury to think that, well, if he had [a sexually transmitted disease (STD)], that kind of shows that he's messing around with who knows who, and perhaps, more likely than not . . . he might have fooled around with this child." Trial counsel was "very disappointed" and "surprised" with the verdict and believed he picked a "bad jury," agreeing the reason defendant was convicted was because the jury believed the victim.

EC testified she learned of defendant's HSV-2 status in 2017, and later tested positive for HSV-2 herself, having previously tested negative. EC had the victim tested for HSV-2 shortly after she accused defendant of sexual assault "so [EC] could know because [she] don't believe it." EC waived the victim's medical confidentiality and affirmed the victim tested negative for HSV-2. After the *Ginther* hearing, the trial court issued a written order denying defendant's motion for a new trial. Defendant's appeal of this issue followed.

## II. ANALYSIS

On appeal, defendant argues trial counsel was ineffective for failing to present evidence of his and the victim's differing HSV-2 statuses. We disagree.

A claim of ineffective assistance of counsel "presents a mixed question of fact and constitutional law." *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011). "A trial court's findings of fact, if any, are reviewed for clear error, and this Court reviews the ultimate constitutional issue arising from an ineffective assistance of counsel claim de novo." *People v*

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

*Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008). "Clear error exists if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *Armstrong*, 490 Mich at 289.

The United States and Michigan Constitutions entitle a criminal defendant to assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20. Counsel must be effective to satisfy the constitutional requirement. *Strickland v Washington*, 466 US 668, 686; 104 S Ct 2052; 80 L Ed 2d 674 (1984). "Effective assistance of counsel is strongly presumed, and the defendant bears the heavy burden of proving otherwise." *People v Haynes*, 338 Mich App 392, 429; 980 NW2d 66 (2021) (quotation marks and citation omitted). "In order to obtain a new trial because of ineffective assistance of counsel, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that [the] outcome would have been different." *People v Yeager*, 511 Mich 478, 488; 999 NW2d 490 (2023) (quotation marks and citation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. (quotation marks and citation omitted).

Defendant first asserts that the trial court applied the wrong standard when analyzing the second prong of the *Strickland* test for ineffective assistance of counsel. In its written opinion denying defendant's motion for a new trial, the trial court correctly outlined the applicable legal standard as follows: "but for counsel's error, it is reasonably probable that the outcome would have been different." In its analysis, however, the trial court found that trial counsel "reasonably concluded that the possible STD evidence would . . . *not* disprove [defendant]'s guilt," before further finding there was no "outcome-determinative error." Notably, to succeed on a claim of ineffective assistance, a defendant need only demonstrate a *reasonable probability* the outcome of the proceeding would have been different. See *People v Grant*, 470 Mich 477, 486; 684 NW2d 686 (2004) ("A reasonable probability need not rise to the level of making it more likely than not that the outcome would have been different."). Although the language used by the trial court was imprecise, considering the trial court's earlier recitation of the correct legal standard for establishing prejudice, the trial court's slight language variation does not demonstrate an erroneous application of the relevant law.

Regardless, this Court reviews the ultimate constitutional issue of an ineffective-assistance-of-counsel claim de novo. See *Petri*, 279 Mich App at 410. To show trial counsel's performance failed to meet an objective standard of reasonableness, and meet the first prong of an ineffective assistance of counsel claim, "a defendant must overcome the strong presumption that counsel's performance was born from a sound trial strategy." *People v Douglas*, 496 Mich 557, 585; 852 NW2d 587 (2014) (quotation marks and citations omitted). "If this Court can conceive of a legitimate strategic reason for trial counsel's act or omission, this Court cannot conclude that the act or omission fell below an objective standard of reasonableness." *Haynes*, 338 Mich App at 429-430. However, the strategy "in fact must be sound, and counsel's decisions as to it objectively reasonable; a court cannot insulate the review of counsel's performance by calling it trial strategy." *Douglas*, 496 Mich at 585 (quotation marks and citation omitted).

The only evidence offered at trial to support convicting defendant was the testimony of the victim, which was often inconsistent. At the *Ginther* hearing, trial counsel testified he believed the victim had "serious credibility issues," and his strategy at trial was to attack her credibility.

Trial counsel explained he thought introducing defendant's HSV-2 status would cloud his reputation, and cause the jury to believe "more likely than not" defendant committed the sexual assaults, hindering any benefits they had with the jury during trial.

"Decisions regarding what evidence to present . . . are presumed to be matters of trial strategy, and this Court will not substitute its judgment for that of counsel regarding matters of trial strategy." *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002). Here, trial counsel did not believe evidence of the victim's and defendant's respective HSV-2 statuses would be helpful to defendant's defense. True, it is not reasonable to conclude that having HSV-2 correlates with defendant being a sexual predator, but defendant's argument misstates trial counsel's testimony—trial counsel did not personally believe this correlation, but believed it was a correlation a jury could possibly make. Further, defendant offers no evidence regarding the certainty of the victim contracting HSV-2 from defendant beyond the fact EC supposedly contracted it from him. Defendant argues a jury would have found it more likely he did not commit the sexual assaults because of their differing HSV-2 statuses; however, there is no more evidence supporting this argument than there is for the argument the jury would have found it more likely defendant was a sexual predator. Trial counsel believed he successfully attacked the victim's credibility, and EC testified she did not believe the victim because the victim was known for lying and attention seeking. Trial counsel weighed the pros and cons of offering the HSV-2 evidence and concluded it would do more harm than good, and this Court "does not second-guess counsel on matters of trial strategy . . . ." *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012). See also *People v Unger*, 278 Mich App 210, 242; 749 NW2d 272 (2008) ("Defense counsel is given wide discretion in matters of trial strategy because many calculated risks may be necessary in order to win difficult cases.").

"The defendant has the burden of establishing the factual predicate of his ineffective assistance claim." *Douglas*, 496 Mich at 592. Defendant failed to show trial counsel's decision to not offer evidence of his HSV-2 status was objectively unreasonable considering the evidence and strategy employed at trial. Because this decision was not objectively unreasonable, defendant has failed to show trial counsel was unconstitutionally ineffective. See *id*. at 585 ("To be constitutionally effective, counsel's performance must meet an objective standard of reasonableness.") (quotation marks and citation omitted).

For these reasons, we affirm the trial court's judgment.

/s/ Philip P. Mariani
/s/ Christopher M. Murray
/s/ Christopher M. Trebilcock